UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK WILLIAMS,<br><br>               Plaintiff,<br>     v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>               Defendant. | CASE NO. 2:25-cv-00065-RAJ-GJL<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff Frederick Williams, proceeding *pro se* and *in forma pauperis*, filed this civil rights actions pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint (Dkt. 7) under 28 U.S.C. § 1915A, the Court declines to serve the Complaint, but grants Plaintiff leave to amend his Complaint, if possible, to correct the deficiencies identified herein.

### I. BACKGROUND

Plaintiff, currently incarcerated at Monroe Correctional Complex ("MCC"), initiated this civil rights action alleging that prison officials violated his constitutional rights by (1) serving him cold meals without lids on the trays, increasing the risk of foodborne illness, and (2) confiscating items from his cell, in retaliation for his complaints about the cold food. Dkt. 7.

Plaintiff names the Washington State "Department of Corrections Food Handling Service (Staff)" as the sole Defendant. Dkt. 7 at 1.

## II.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

Having reviewed the Complaint, the Court notes the following deficiencies.

**A.    Failure to State a Claim**

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). Moreover, a plaintiff in a § 1983 action must allege facts that show how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, in the Complaint, Plaintiff alleges that officers at MCC serve him and other inmates "food with tray lids off[,] exposing the food" to germs and cold temperatures. Dkt. 7 at 4–5. Plaintiff enumerates dozens of instances where he was served uncovered meals. Dkt. 5 at 4–5.[1] Plaintiff notes that he attached a similar list to a grievance he filed with "Sgt. Talley" and alleges that officers retaliated against him because of this grievance. *See* Dkt. 5 at 5 ("11/6/24 Retaliation for my grievance about lids coming off before hatch [. . .] they took all our stuff that was issued to us").

Plaintiff appears to assert two § 1983 claims, including (1) a conditions of confinement claim under the Eighth Amendment against prison officials who served food susceptible to cold temperatures and bacterial growth, and (2) a First Amendment retaliation claim against officials who mistreated him after he filed a prison grievance about the food. However, Plaintiff has not pled facts stating a facially plausible claim under either of these theories.

To allege an Eighth Amendment conditions of confinement claim, Plaintiff must show that prison officials were deliberately indifferent to his health or safety by subjecting him to a substantial risk of serious harm. *Garnica v. Washington Dep't of Corr.*, 965 F. Supp. 2d 1250, 1264 (W.D. Wash. 2013), *aff'd*, 639 F. App'x 484 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The deprivation alleged must be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Id.* The Eighth Amendment requires only that prisoners receive food adequate to maintain health, and there is "no constitutional right to be served a hot meal." *Id.* at 1265–67.

---

[1] Plaintiff included this list of incidences with his Motion for Leave to Proceed *In Forma Pauperis* but did not include it in the Proposed Complaint attached to that Motion. Dkt. 5 at 4–5; Dkt. 5-2. As a result, the list is not present in the current version of the Complaint. Dkt. 7. The Court considers the factual allegations in this list as part of Plaintiff's Complaint and **INSTRUCTS** the Clerk's Office to file these pages, Dkt. 5 at 4–5, as a supplement to Plaintiff's Complaint.

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 3

Assuming that Plaintiff was frequently served uncovered and cold meals, this fact alone does not demonstrate the food was *per se* dangerous to Plaintiff. Plaintiff does not identify how long perishable food at MCC is exposed to cooler temperatures before being served, information critical to determining the amount of bacterial growth.[2] Plaintiff alleges he has a weakened immune system due to Leukemia but does not identify whether he ever became sick from eating MCC's food, or how he knew that any illness was due to eating contaminated food. Nor does Plaintiff identify any odd tastes, textures, or smells in the meals to indicate they may have spoiled. Plaintiff simply lists the instances when he was served meals without a cover, claims that these meals were "at times cold," and alleges he could "possibly" become sick due to these conditions. Dkt. 7 at 4–5. These facts are insufficient to establish an Eighth Amendment violation.

Plaintiff has also not pled facts showing he suffered retaliation in violation of the First Amendment. "It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances. Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and [is] prohibited as a matter of clearly established law." *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (internal quotations omitted). The elements of a First Amendment retaliation claim arising in the prison context include: (1) a state actor took an adverse action against an inmate (2) because of (3) the inmate's protected conduct; (4) the adverse action, viewed objectively, would chill an inmate's exercise of their First Amendment rights; and, finally, (5) the adverse action did not reasonably advance a legitimate correctional goal. *Id.* (citing *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

---

[2] *Food Safety Myths*, Washington State Department of Health, https://doh.wa.gov/you-and-your-family/food-safety/food-safety-myths (last visited February 27, 2025) ("Perishable foods should be put in a refrigerator that is 40 degrees or below within 2 hours of preparation. If you leave food out to cool and forget about it after 2 hours, throw it away. Bacteria can grow rapidly on food left out at room temperature for more than 2 hours.")

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND - 4

Plaintiff's conclusory assertion that officials confiscated his belongings because he filed a grievance is insufficient to plead a violation. Plaintiff does not explain how he knew that the seizure was because of his grievance, does not explain Sgt. Talley's response to his grievance beyond there being "no change" in the way meals were served, and his description of the reason given by MCC officials for the seizure is difficult to parse and appears to stop mid-sentence. *See* Dkt. 5 at 5 ("they took all our stuff that was issued to us, just because in a room for portors [sic] another inmate stepped in for a [second] then right out, and").

If Plaintiff chooses to file an amended complaint, he must set forth specific, plausible facts to support each of his claims. He must explain how those facts support a violation of his constitutional rights and specify when, where, and how any individual defendant personally participated in causing his alleged injuries. Plaintiff must also ensure that any amended complaint is a concise and organized document. *See* Fed. R. Civ. P. 8(a)(2) and (d)(1) (a complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct.").

**B.      Improper Defendant**

Plaintiff names the "Department of Corrections Food Handling Service (Staff)" as a Defendant in this action. However, a § 1983 claim may only be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. Neither the State of Washington nor arms of the state, such as the Washington State Department of Corrections, are proper defendants in a § 1983 case. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a State is not a person within the meaning of § 1983"); *Hale v. Arizona,* 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc) (Arizona Department of Corrections is an arm of the State of Arizona). Consequently, a State cannot be sued for damages or injunctive relief. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43,

69 (1997) ("we have held that § 1983 actions do not lie against a State"). The Washington State Department of Corrections and its subsidiary services are therefore not proper defendants here.

To pursue a claim against individuals working at the Department of Corrections, Plaintiff must describe how these individuals are responsible for the alleged constitutional violations. Aside from a brief mention of Sgt. Talley as the officer who received Plaintiff's grievance, Dkt. 7 at 5, Plaintiff fails to identify any prison officials who prepared or delivered his food, responded (or failed to respond) to his grievances, or confiscated his belongings. More information is needed before the Court can serve the Complaint.

**C.    Additional Deficiencies**

Because of the lack of specificity in the Complaint, the Court cannot ascertain whether there may be additional deficiencies here, such as an issue arising under the First and Eighth Amendment doctrines above. If Plaintiff chooses to submit an amended complaint, he must provide sufficient facts for the Court to properly assess what actions allegedly violated Plaintiff's constitutional rights, who took those actions, when those actions were taken, and how they violated his rights.

### III.    CONCLUSION

Because of the deficiencies described above, the Court declines to serve the Complaint or to direct that an answer be filed. Plaintiff is, however, granted leave to amend his Complaint, if possible, to correct the identified deficiencies. Within **thirty (30) days** from the date of this Order, Plaintiff may submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **If no amended complaint is timely filed, or if**

**Plaintiff files an amended complaint that fails to correct the deficiencies identified herein, the Court may recommend that this matter be dismissed.**

The Clerk is directed to send a copy of this Court's prisoner civil rights complaint form to Plaintiff, as well as copies of this Order to Plaintiff and to the Honorable Richard A. Jones.

Dated this 5th day of March, 2025.

Grady J. Leupold
United States Magistrate Judge