UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK WILLIAMS,

                Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS,

                Defendant.

CASE NO. 2:25-cv-00065-RAJ-GJL

ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL

       Plaintiff Frederick Williams, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 7. Currently pending before the Court is Plaintiff's Motion to Appoint Counsel. Dkt. 8.

       There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

*grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

In support of his Motion, Plaintiff states that he is dyslexic. Dkt. 8. Without more, however, he has not shown exceptional circumstances requiring the appointment of counsel. Since it is early in the pleading stage, it is unclear whether there is a likelihood of success on the merits of Plaintiff's claims. Additionally, Plaintiff's claims do not appear particularly complex. Although the Court required Plaintiff to re-file his Complaint because of factual deficiencies, *see* Dkt. 9, Plaintiff has generally shown that he is able to articulate his claims—including, for example, by submitting the dates and times of individual violations alleged. Dkt. 7-1. Finally, as shown in the Court's Order mooting Plaintiff's Motion to Amend the Complaint (Dkt. 11), the Court is willing to grant Plaintiff additional time by extending various deadlines to accommodate Plaintiff's dyslexia and *pro se* representation.

//

//

ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL - 2

1    This case does not, at this time, present the extraordinary circumstances required for the
2    appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel (Dkt. 8) is **DENIED**
3    **without prejudice**, meaning that Plaintiff may renew his request for counsel at a later date upon
4    a showing of exceptional circumstances.

6    Dated this 10th day of April, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL - 3